OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



May 26, 2000

The Honorable Jane Nelson
Chair, Committee on Health Services
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0226

Re: Whether "compelling state interest" analysis applies to a state agency's interference with a parent's right to direct the upbringing of his or her children (RQ-0205-JC)

Dear Senator Nelson:

You have requested our opinion regarding the constitutional standard to be applied when a state agency attempts to interfere with a parent's right to direct the upbringing of his or her children. For the reasons set forth below, we conclude that the standard is "compelling state interest."

In the past three years the legislature has enacted two statutes that prohibit a state agency from interfering with parental rights vis-a-vis their children. Section 151.005 of the Family Code, adopted in 1999, provides: "A state agency may not adopt rules or policies or take any other action that violates the fundamental right and duty of a parent to direct the upbringing of the parent's child." Virtually identical language was added in 1997 to House Bill 425 amending chapter 81 of the Labor Code, but was repealed when section 151.005 was enacted.[1]

"Fundamental Rights" is a term of art for purposes of both equal protection and due process analysis. *See* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon1998) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."). The term comprises those express and implied protections of personal liberty recognized in the federal and state constitutions. *See Spring Branch Indep. Sch. Dist. v. Stamos*, 695 S.W.2d 556, 560 (Tex. 1985), *appeal dism'd*, 475 U.S. 1001 (1986); *Jack v. Jack*, 796 S.W.2d 543 (Tex. App.–Dallas 1990, no writ). Thus, section 151.005 of the Family Code simply codifies well-established principles announced by the United States Supreme Court as long ago as 1923 in *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). In *Pierce v. Society of Sisters*, 268 U.S. 510, 534 (1925), the Court declared that the Oregon Compulsory Education Act, which required every person having custody of a child between eight and sixteen years to send him or her to a public school, "unreasonably interferes with the liberty of parents and guardians to direct the upbringing and education of children under their control," in contravention of the Fourteenth Amendment to the

---

[1]*See* Act of May 26, 1997, 75th Leg., R.S., ch. 1225, § 3(b), 1997 Tex. Gen. Laws 4691, 4692, *repealed by* Act of Apr. 23, 1999, 76th Leg., R.S., ch. 62, § 6.18(b), 1999 Tex. Gen. Laws 127, 143.

United States Constitution. *Id.* at 534-35. The Court reached the same conclusion almost a half-century later in *State of Wisconsin v. Yoder*, 406 U.S. 205 (1972), when it held that the First and Fourteenth Amendments prohibited the state from compelling Amish parents "to cause their children to attend formal high school to age 16." *Id.* at 234.

The Supreme Court has also made clear that personal rights that can be deemed fundamental or that are implied in the concept of ordered liberty are included in the Constitution's guarantee of personal privacy. *See Griswold v. Connecticut*, 381 U.S. 479, 485 (1965). Those privacy rights include matters relating to the home, marriage, procreation, motherhood, child rearing, and education. *See Carey v. Population Servs. Int'l*, 431 U.S. 678, 684-85 (1977). In these categories, where fundamental rights are at issue, regulation limiting these rights can be justified only by "compelling state interests." *See id.*, at 686. Legislation that attempts to infringe on these rights must be narrowly drawn to express only valid state interests. *See id.*; *see also Griswold*, 381 U.S. at 485.

We conclude that, when a state agency attempts to interfere with the fundamental right of a parent to direct the upbringing of his or her children, it must, in order to do so, satisfy the constitutional standard of "compelling state interest."

## S U M M A R Y

       When a state agency attempts to interfere with the fundamental right of a parent to direct the upbringing of his or her child, it must, in order to do so, satisfy the constitutional standard of "compelling state interest."

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee